IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BERTHA A. HARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0295-CV-W-ODS |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING DISABILITY INSURANCE BENEFITS AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income benefits and disability benefits under the Social Security Act. The Commissioner's decision is not supported by substantial evidence in the record as a whole, so the final decision is reversed. The case is remanded to the Commissioner for further proceedings consistent with this opinion.

This is Plaintiff's second application for benefits; the first was denied on February 25, 2002, so she must demonstrate she became disabled on or after that date in order to obtain benefits. The genesis of her claim arose from nerve release surgery performed in January 2001 to address compression of the ulnar nerve in her right arm. Since that time, Plaintiff has complained of pain, weakness, swelling, tingling, and numbness in her right arm. The ALJ found Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently using her left (non-dominant) hand. He also found Plaintiff unable to stand continuously due to a knee condition that is not relevant to the present discussion. These limitations precluded Plaintiff from returning to her past work, but the ALJ found Plaintiff could perform other work in the national economy.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial

evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984). While there is some evidence to support the Commissioner's decision, it is not substantial evidence. In particular, the ALJ credited the testimony of the Medical Expert called to testify at the hearing, Dr. Selbert Chernoff, but incorporated only parts of his testimony into his final opinion.

Based on his review of the medical records and Plaintiff's statements and testimony, Dr. Chernoff opined Plaintiff suffers from reflex sympathetic dystrophy ("RSD"). R. at 32-33. He explained this condition matched all of Plaintiff's symptoms, including the tingling, numbness, and color changes in her right arm, the beginning of symptoms in her left arm, and the ALJ's observation that Plaintiff's right shoulder and arm were hanging lower than her left shoulder and arm. In describing Plaintiff's functional abilities, Dr. Chernoff testified as follows:

> [C]ontinuous work of any sort is going to be very difficult for her to do. In terms of standard RFC, this lady can, using the left hand, at least at this point, I think can lift 20 [pounds occasionally] and 10 [pounds regularly]. I think she can stand six [hours out of an eight hour day] and sit six [hours out of an eight hour day]. I think that her use of the right arm is essentially limited to rare use and gross use, because repetitive movement of the hand will become very painful and she simply can't do that. She needs to avoid extremes of heat, cold and vibration. And she can't do overhead reaching with that right arm. The degree that pain limits her in addition to that – I know it does, but I don't know how to quantitate that – it's difficult, primarily because the physician progress notes do not give her any credibility at all, and have tended to minimize this problem which I think is a real problem. But there is no question that pain is a further limitations besides what I've given in the RFC.

2

Case 4:06-cv-00295-ODS   Document 9   Filed 11/28/06   Page 2 of 5

R. at 33-34. Later, in response to a question from Plaintiff's counsel, Dr. Chernoff testified "it is entirely possible for people with this illness to have pain that's a total distraction and make them unable to accomplish sustained performance. I don't know, Ms. Dean, if your claimant has severe enough illness for that." R. at 37.

The first problem is that after accepting Dr. Chernoff's opinion, the ALJ incorporated only parts of it in his findings and in his hypothetical questions posed to the Vocational Expert ("VE"). For instance, in his hypothetical question to the VE, the ALJ incorporated the lifting, sitting and standing restrictions, but none of the other limitations identified by Dr. Chernoff. R. at 61-62.

The second problem is the ALJ's failure to consider the effects of pain after Dr. Chernoff clearly indicated RSD causes pain and the pain can be quite significant. The ALJ addressed this issue by discounting all of Plaintiff's complaints, but this decision was not justified by the record. His support came from an April 24, 2001, report in which Plaintiff's then-treating physician indicated "both of her symptom magnification tests are positive in strength testing indicating unreliability in the strength testing." R. at 235. This report from over three years prior to the ALJ's decision – and nearly one year before the effective onset date in this case – is of little value, not only because of its distance in time but because of Dr. Chernoff's testimony suggesting that Plaintiff's doctors did not consider the possibility of RSD. After all, if they did not consider the possibility of RSD, then the doctors might well conclude her reports of pain were exaggerated. This same observation might be made of the February 3, 2003, consulting opinion offered by Dr. Joe Pryor; he questioned whether Plaintiff's reduced grip strength was the result of "full effort," then suggested EMG and nerve conduction studies – neither of which were performed.[1] Indeed, according to a website maintained

---

[1]The ALJ also wrote that Dr. Chernoff "noted that medical records often indicated that claimant was exaggerating her symptoms and that her complaints of pain and that her complaints of pain and limitation did not correspond to objective findings. Despite concerns about claimant's tendency toward exaggeration, [he] opined that claimant was limited by her right arm condition." R. at 17. This is not a fair characterization of Dr. Chernoff's testimony. The medical records do not "often" indicate Plaintiff exaggerated her symptoms, and while Dr. Chernoff noted this suggestion he clearly did not adopt it

3

by the American Society for Surgery of the Hand ("ASSH"), RSD is noted for causing pain that is out of proportion to its original cause, which may include trauma, surgery, or some other injury.[2] A website maintained by the American Academy of Orthopedic Surgeons advises RSD gets progressively worse over time.[3] In short, Plaintiff's report of a pain and other symptoms that are getting worse over time and appear disproportionate to the January 2001 surgery are entirely consistent with the condition the Commissioner's medical expert believes she has – so the Record does not justify the ALJ's determination Plaintiff was exaggerating the degree and effects of her pain.

While the Record does not support the Commissioner's decision, it also does not support an award of benefits. The degree of pain Plaintiff suffers is a credibility determination, and the record does not permit the Court to decide Plaintiff's pain is as serious as she alleges. It may be, but it might not be. In addition, even if Plaintiff has RSD proper treatment may provide a level of relief that will allow her to work.

On remand, the Commissioner should further develop the record by arranging for a formal diagnosis of Plaintiff's condition. (The Court is not intending to prescribe a course of medical action, but notes the ASSH's website lists some of the procedures that may be performed). Prognosis and treatment of Plaintiff's condition should also be considered. Once this is done, the record – including Plaintiff's credibility in light of the new medical findings – should be reassessed.

---

as his own opinion. To the contrary, he opined Plaintiff's doctors failed to appreciate the potential gravity of Plaintiff's condition.

[2] http://www.assh.org/Content/NavigationMenu/PatientsPublic/HandConditions/ReflexSympatheticDystrophyRSD/Reflex_Sympathetic_.htm (last visited November 27, 2006).

[3] http://orthoinfo.aaos.org/brochure/thr_report.cfm?Thread_ID=50&topcategory=Hand (last visited November 27, 2006).

The Commissioner's final decision is reversed, and the case is remanded for further development of the record and reconsideration.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: November 27, 2006 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, JUDGE<br>UNITED STATES DISTRICT COURT |